UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:10-30-KKC

ARNOLD YOUNG,                                                                PLAINTIFF

v.                                       **PRETRIAL ORDER**

EQT PRODUCTION COMPANY,                             DEFENDANT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter having been referred to the United States Magistrate Judge for pretrial management, and the court being otherwise sufficiently advised,

IT IS ORDERED HEREIN AS FOLLOWS:

1. No later than **ten (10) days prior to the Preliminary Pretrial Conference** before the United States Magistrate Judge, counsel shall file with the Clerk an original, shall submit a copy either by e-mail or facsimile to the designated Magistrate Judge's Chambers, and shall provide opposing counsel with a copy of the following:

    a.     a list of witnesses and exhibits in accordance with the Fed. R. Civ. P. 26(a)(3);

        (i)     the witness lists shall specify those witnesses who will testify at the trial of this action versus those who may testify, in accord with Fed. R. Civ. P. 26(a)(3)(A) and shall identify all witnesses who will testify by deposition, specifying the portions of such deposition testimony that will be used at trial, in accord with Fed.

          R. Civ. P. 26(a)(3)(B);

    (ii)    the witness list shall also set forth the subject matter of each witness's testimony and the purpose for which such testimony is offered;

    (iii)    the exhibit lists shall contain a description of each exhibit in sufficient detail to permit adequate identification thereof, and shall include a list of any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements);

b.    file any appropriate motions in limine;

c.    file the transcript of all evidentiary depositions to be used at trial along with any motions for ruling by the court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the court is necessary prior to trial. **Any objection within any deposition which is not so raised specifically (by citation to page number and question number) for ruling by the court shall be deemed to be summarily overruled**;

d.    file a pretrial memorandum brief containing a succinct statement of the facts of the case, the issues of fact and the issues of law;

e.    tender proposed agreed jury instructions. Counsel shall exchange drafts of instructions in advance and endeavor to agree; in the absence of agreement, separate instructions shall be filed, by the same deadline,

        including citation to supporting authorities.

   f.    tender proposed voir dire questions for the Court's use in voir dire.

   g.    The preliminary pretrial conference shall be attended by the attorneys who will be trying the case.

2. **No less than three (3) business days before the final Pretrial Conference before the trial judge**, the parties shall file their written objections, pursuant to Fed. R. Civ. P. 26(a)(3), to the lists of witnesses and exhibits previously filed by any other party. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, **shall be deemed waived unless excused by the court for good cause shown**.

3. **At the pretrial conference before the trial judge, counsel for the parties shall be prepared to**:

   a.    discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action;

   b.    disclose any demonstrative or summary exhibits intended for use at trial.

   c.    display to the court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule. Counsel shall provide the court with a copy of all documentary exhibits. Failure to disclose exhibits to the Court and to opposing counsel at the Pretrial Conference shall be subject to sanctions unless good cause is shown;

    d.      be prepared to argue and address any matters raised at the preliminary pretrial conference;

    e.      discuss the possibility of settlement;

    f.      advise the Court of anticipated technological issues that may arise at trial; and

    g.      the final pretrial conference shall be attended by all attorneys who will be trying the case along with the parties and/or representatives.

Dated this the 16th day of April, 2010.

Signed By:

*Karen K. Caldwell* KKC

United States District Judge