## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| ARNOLD YOUNG,<br><br>PLAINTIFF,<br><br>v.<br><br>EQT PRODUCTION COMPANY,<br><br>DEFENDANT<br><br>AND<br><br>EQT PRODUCTION COMPANY,<br><br>THIRD-PARTY PLAINTIFF<br><br>v.<br><br>L&L TRANSPORTATION, LLC,<br><br>THIRD-PARTY DEFENDANT | CIVIL ACTION NO.<br>7:10-CV-00030-KKC<br><br>***ELECTRONICALLY FILED*** |

### THIRD-PARTY COMPLAINT AGAINST L&L TRANSPORTATION, LLC

Comes the Defendant/Third-Party Plaintiff, EQT Production Company (hereinafter "EQT"), by counsel, and for its Third-Party Complaint against L&L Transportation, LLC, states as follows.

1. EQT is, and was at all times relevant hereto, a corporation in good standing, registered to do business in the Commonwealth of Kentucky.

2. Third-Party Defendant, L&L Transportation, LLC (hereinafter, "L&L"), is a Delaware Limited Liability Company with its principal office in Kansas City, Missouri. L&L's registered agent for service of process is Corp. Service Comp. d/b/a CSC-Lawyers Incorp. Service Co., 421 West Main Street, Frankfort, KY 40601.

3. The Plaintiff herein has filed an action against EQT alleging certain personal injuries allegedly sustained on or about October 18, 2009 at a location referred to as "the Ranger Station" in Martin County, Kentucky. See Complaint. Plaintiff further alleges that these personal injuries were sustained due to negligence on the part of EQT. Id.

4. At the time of the alleged injuries, Plaintiff was a subcontractor, supplier, employee, agent or invitee of L&L, and/or Plaintiff was acting under L&L's direction and control.

5. At the time of the injuries alleged in Plaintiff's Complaint, L&L was operating pursuant to a "Master Services Agreement," (hereinafter, "Agreement") dated January 13, 2009, between L&L and EQT.

6. At the time of the injuries alleged in Plaintiff's Complaint, Plaintiff was acting in connection with the performance of "the Work" as that term is defined in the Agreement.

7. Pursuant to § 12.1 of the Agreement, L&L agreed to defend, indemnify, and hold harmless EQT from and against any and all claims such as those presented by Plaintiff herein.

8. EQT at all times upheld its obligations pursuant to the Agreement.

9. If EQT is adjudged liable to the Plaintiff under any theory of liability – while not admitting that same should or is likely to happen – then EQT is entitled to a judgment by way of contractual indemnity against L&L under the aforesaid Agreement. Additionally, pursuant to the same Agreement, EQT is entitled to recover from L&L all costs, including attorneys' fees, incurred defending the claims of the Plaintiff.

**WHEREFORE,** Defendant/Third-Party Plaintiff EQT prays as follows:

(a) For a judgment by way of contractual indemnity against Third-Party Defendant L&L;

(b)   For its costs and fees herein expended, including attorneys' fees; and

(c)   Any and all other relief to which EQT may appear properly or appropriately entitled.

Respectfully submitted,

s/John W. Pollom
J. Clarke Keller
John W. Pollom
STITES & HARBISON, PLLC
250 West Main Street, Suite 2300
Lexington, KY  40507-1758
Telephone: (859) 226-2300
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2010, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Kyle R. Salyer, Esq.<br>Kirk Law Firm, PLLC<br>kyle.salyer@kirklawfirm.net | D. Brett Butcher, Esq.<br>dbrettbutcher@yahoo.com |
| Gregory G. Beck, Esq.<br>Kreiner & Peters Co., L.P.A.<br>gbeck@subrogation-recovery.com | |

s/John W. Pollom
John W. Pollom
